IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| V. | ) | Criminal No. 12-272 |
| | ) | Civil A. No. 16-1026 |
| | ) | Judge Nora Barry Fischer |
| RAHEEM BROWN, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

This matter is before the Court on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by *pro se* Defendant Raheem Brown and supporting brief, (Docket Nos. [89], [91]), the Government's Response in opposition thereto, (Docket No. [98]), and, Defendant's Reply, (Docket No. [99]). Defendant argues that his sentence of 180 months' incarceration – which was the product of the parties' Rule 11(c)(1)(C) plea agreement accepted by the Court at the sentencing hearing on May 29, 2014[1] – must be vacated in light of *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551, 2556-57 (2015), holding that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness and subsequent precedent applying *Johnson* to the "residual clause" in the career offender guideline, U.S.S.G. § 4B1.2(a)(2). As this Court has noted, *see e.g., United States v. Hill*, --- F. Supp.3d ----, 2016 WL 7076929, at *4 (W.D. Pa. Dec. 5, 2016), the issue of whether a decision that the "residual clause" of § 4B1.2(a)(2) is unconstitutional establishes a substantive rule that applies retroactively to cases on collateral review was pending before the Supreme

---

[1]  As the Court noted in its Tentative Findings and Rulings, the parties "stipulated that an appropriate sentence in this case includes: a term of imprisonment of fifteen (15) years, said term comprised of a sentence of ten (10) years at Count One and five (5) years at Count Two, said terms to run consecutively; a term of supervised release of four (4) years; and a special assessment of $200." (Docket No. 65 at § II.2). The sentence of 180 months' incarceration imposed in Defendant's case was far below the advisory guidelines range computed under the career offender guideline of 262-327 months' incarceration. (*Id.* at §§ I.8; II.1).

1

Court in the matter of *Beckles v. United States*, No. 15–8544 (cert. granted June 27, 2016). The Supreme Court issued its decision in *Beckles* on March 6, 2017, holding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *11 (U.S. Mar. 6, 2017). Hence, Defendant's arguments challenging his sentence based on *Johnson* are foreclosed by *Beckles*; he is not entitled to relief from the lawfully imposed sentence at Criminal Number 12-272; and, his motion must be denied. *See e.g., United States v. Ramos*, --- F. App'x ----, 2017 WL 894428, at *2 (10th Cir. 2017) (denying certificate of appealabilty because "[i]n view of *Beckles*, no reasonable jurist could debate the district court's decision to deny" Defendant's § 2255 motion relying upon *Johnson*).

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion [89], [91] is DENIED, with prejudice;

IT IS FURTHER ORDERED that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a certificate of appealability. See 28 U.S.C. § 2253(c)(2); and,

FINALLY, an appropriate Judgment will separately issue.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: March 8, 2017
cc/ecf: All counsel of record.

cc:  Raheem Brown
 #33874-068
 FCI Hazelton
 PO Box 5000
 Bruceton Mills, WV 26525
 (via first class mail).